IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PETER GRIGG, | CV 25–175–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| FLATHEAD DISTRICT ATTORNEY, | |
| Defendant. | |

On January 28, 2026, United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendations with respect to Plaintiff Peter Grigg's civil rights complaint against Defendant Flathead District Attorney. (*See* Docs. 1, 4, 5.) Having screened Grigg's complaint under 28 U.S.C. § 1915(e)(2), Judge DeSoto found that he fails to state a claim for relief because the Flathead District Attorney has absolute prosecutorial immunity for its charging decisions and the federal court cannot interfere with ongoing state judicial proceedings or invalidate a state court judgment. (*See* Doc. 5.) On February 12, 2026, Grigg filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit. (*See* Doc. 6.) Because Judge DeSoto's Findings and Recommendation is not a final appealable judgment, *see* 28 U.S.C. § 636(b)(1), Grigg was given an additional opportunity file objections in this Court, (Doc. 7). He did so on March 10, 2026. (Doc. 9.)

1

A party filing objections to the findings and recommendations of a magistrate is entitled to do novo review of the "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). An objecting party must therefore identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely state that he objects. *See Hagberg v. Astrue,* 2009 WL 3386595 at *1 (D. Mont 2009) ("There is no benefit if the district court[ ] is required to review the entire matter de novo because the objecting party merely [states that he objects].").

Here, Grigg objects on the ground that "there is no 'total immunity.'" (Doc. 9 at 1.) While that legal proposition is generally correct, immunity attaches to the specific conduct Grigg has alleged in his pleading. "[A] prosecutor enjoys absolute immunity from [§] 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *see also id.* at 430–31. This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Courts use a "functional approach" to "decide whether absolute immunity

2

attaches to a particular kind of prosecutorial activity." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see Burns v. Reed*, 500 U.S. 478, 486 (1991). The focus is therefore on "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). "To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Genzler*, 410 F.3d at 637 (quoting *Imbler*, 424 U.S. at 430). Consistently, such immunity has been found "when a prosecutor prepares to initiate a judicial proceeding or appears in court to present evidence in support of a search warrant application." *Van de Kamp*, 555 U.S. at 343 (internal citations omitted). Additionally, a prosecutor is absolutely immune from liability for the "decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction." *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (collecting cases). Such immunity therefore extends to Grigg's allegations that the prosecutor chose not to charge certain people and failed to disclose information to Grigg. Thus, his objections lack merit.

Grigg's only other objection relates to his belief that he has been denied his right to appeal. No such denial has occurred as this Court has followed the procedure outlined in 28 U.S.C. § 636(b)(1).

3

Finding no clear error in Judge DeSoto's remaining Findings, *see Thomas v. Arn*, 474 U.S. 140, 154 (1958); *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000), IT IS ORDERED that:

(1) The Findings and Recommendation, (Doc. 5), is ADOPTED IN FULL.

(2) Grigg's Complaint (Doc. 2) and Addendum (Doc. 4) are DISMISSED WITH PREJUDICE.

(3) It is CERTIFIED, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

(4) The Clerk is directed to enter, by separate document, a judgment of dismissal.

DATED this 17th day of March, 2026.

Donald W. Molloy, District Judge
United States District Court

4